**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **ALLISON LOVE AND TAMMY LOVE,** | § | **CIVIL ACTION NO. 4:20-cv-22** |
| | § | |
| **DEFENDANTS.** | § | |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

Plaintiff Allstate Fire and Casualty Insurance Company ("Allstate") files this its Original Complaint for Declaratory Judgment, seeking a judicial declaration that it has no duty to indemnify Defendants Allison Love and Tammy Love for the damages awarded to them in the default Final Judgment entered against Jonathan Perez in a pending court lawsuit because Allstate was prejudiced by Mr. Perez's failure to cooperate in his defense, resulting in that default judgment against him. In support of the relief requested, Allstate would respectfully show the Court the following:

**I.**
**PARTIES**

1.      Plaintiff Allstate is a citizen of the State of Illinois for all jurisdictional purposes and is authorized to do business in Texas. Allstate is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois. As a

result, Plaintiff is a citizen of the State of Illinois and no other state for purposes of determining diversity of citizenship pursuant to 28 U.S.C. §1332(c)(i).

2.       Defendants Allison Love and Tammy Love are individuals who reside in Pinehurst, Montgomery County, Texas.  Upon information and belief, Allison Love and Tammy Love may be served with process at their last known address, 29027 N. Richard Kaye Lane, Pinehurst, Texas   77362, or wherever else they may be found.  Allstate requests service on Allison Love and Tammy Love either personally or through their attorney of record in the underlying state court action, Dennis R. Mundy, Mundy & Associates, PLLC, 311 Holderrieth Blvd., Tomball, Texas   77375, either as the Loves' agent for service or, after the requisite showing, as a reasonably effective means of providing the Loves with notice of this suit.  FED. R. CIV. P. 4(e)(1); TEX. R. CIV. P. 106; *see also Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio 1987, no writ).  Allstate will first seek to serve Allison and Tammy Love through their attorney and will request other service if Mr. Mundy declines or is not authorized to accept service on their behalf.

## II.
### JURISDICTION AND VENUE

3.       This Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332 in that the suit is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.  The default Final Judgment entered in the pending state court lawsuit against Mr. Perez awards Allison Love $100,000 in actual damages and an additional $50,000 for

exemplary damages and further awards Tammy Love the sum of $13,822. Thus, the total award in the default Final Judgment is $163,822. Allison and Tammy Love, through counsel, have asserted that Allstate must pay this entire amount based on two purported prior *Stowers* demands and the absence of prejudice caused by Mr. Perez's admitted failure to cooperate in his defense. Moreover, the aggregate liability limit under Mr. Perez's Allstate personal auto policy is $100,000. Courts consider such damages and policy limits when determining whether the "amount in controversy" diversity requirement is satisfied. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (amount in controversy determination includes policy limits and potential damages). Thus, the minimum jurisdictional limit exists in this case.

4.     There is an actual controversy between Allstate, on the one hand, and Allison and Tammy Love, on the other hand, for purposes of 28 U.S.C. § 2201 because of the entry of the default Final Judgment entered against Mr. Perez on December 16, 2019 and the Loves' contention that Allstate is legally responsible to pay the full amount awarded to Allison and Tammy Love in that default Final Judgment based on their asserted *Stowers* claim. Additionally, Allison and Tammy Love are potential third-party beneficiaries to Mr. Perez's Allstate liability policy. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123–25 (5th Cir. 1981).

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Allstate policy that is the subject of this action was issued to Mr. Perez in this District,

and all of the events made the basis of the Loves' state court action against Mr. Perez occurred in this District.  Further, the Loves' lawsuit against Mr. Perez is pending in a Texas state court located in this District, and Allstate previously defended Mr. Perez in that state court action pursuant to a full reservation of Allstate's rights, including the right to deny coverage for any default judgment against Mr. Perez resulting from his failure to cooperate with Allstate in his defense.

### III.
### DECLARATORY JUDGMENT ACTION

6.     Allstate brings this declaratory judgment action under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 for the purpose of determining actual controversies between the parties, as described herein.  The controversies exist as a result of the default Final Judgment in the pending case styled *Allison Love and Tammy Love v. Jonathan Perez*, Cause No. 18-09-12690, currently pending in County Court at Law No. Two (2) in Montgomery County, Texas (the "Underlying Lawsuit").  Texas law applies to resolve these disputes because Allstate issued the personal auto policy to a citizen and inhabitant of Texas (Mr. Perez), and Allstate is authorized to and is doing business in Texas.  *See Millis Dev. & Const., Inc. v. America First Lloyd's Ins. Co.*, 2011 WL 3567331, at *7 (S.D. Tex. Aug. 12, 2011).

7.     Under Texas law, Allstate is entitled to seek a declaratory judgment regarding the absence of any coverage for the default Final Judgment against Mr. Perez in the Underlying Lawsuit.  *See, e.g.*, *State Farm Lloyds v. Brown,* 2009 WL2902511, at *1-*2 (N.D. Tex. 2009).

**IV.**
**THE UNDERLYING LAWSUIT**

8.      Allison Love and Tammy Love filed the Underlying Lawsuit on September 20, 2018.  Thereafter, Allstate hired a Private Investigator on January 9, 2019 to locate Mr. Perez and to determine whether Mr. Perez would request a defense from Allstate under the Allstate personal auto policy in effect on November 6, 2016, the date of the accident that is the basis for the Underlying Lawsuit.  That Private Investigator located and spoke with Mr. Perez on January 14, 2019.  At that time, Mr. Perez requested a defense and promised to cooperate with Allstate in that defense.  Mr. Perez later contacted the Allstate adjuster assigned to handle the Loves' bodily injury liability claim on January 15, 2019 and reiterated his request for a defense and agreement to cooperate in that defense.

9.      Although Mr. Perez initially was cooperative, he subsequently ceased communications with Allstate and his assigned defense counsel.  Furthermore, Mr. Perez's phone was disconnected, and he failed to provide new contact information to Allstate or defense counsel.  As a result, assigned defense counsel was unable to respond to discovery propounded by the Loves in the Underlying Lawsuit and was also unable to produce Mr. Perez for the deposition requested by the Loves.

10.      Given Mr. Perez's failure to cooperate with defense counsel in connection with discovery requested in the Underlying Lawsuit, the Loves filed a Motion to Show Authority, requesting that the Court deny retained defense counsel "the ability to continue representing Defendant Perez" in the Underlying Lawsuit and strike any

pleadings filed without the consent of Mr. Perez.  On October 21, 2019, retained defense counsel filed a Response to the Motion to Show Authority contesting the appropriateness of that Motion.

11.     In light of the Motion and the stated basis for the relief requested in that Motion, Allstate, through counsel, sent a reservation of rights letter to Mr. Perez at his last known physical and email addresses on October 30, 2019.  That letter reminds Mr. Perez of his contractual duty to cooperate with Allstate in its investigation and defense of the claims asserted in the Underlying Lawsuit.  Furthermore, the letter specifically alerted Mr. Perez that any insured who fails to comply with the contractual duty to cooperate in the defense of a claim or suit "may lose any insurance coverage and become personally responsible for any damages" where the failure to cooperate results in prejudice to Allstate.  Finally, the letter demanded that Mr. Perez immediately contact assigned defense counsel to determine the steps needed to assist in his defense and to participate in the discovery requested by the Loves to avoid a default judgment that would prejudice Allstate and eliminate liability coverage for the Loves' claims against him.

12.     In an effort to ensure that Mr. Perez received the October 30, 2019 reservation of rights letter, Allstate again retained the same Private Investigator to locate and hand deliver a copy of the letter to Mr. Perez.  After determining that the current updated address for Mr. Perez was incorrect and that the current telephone number was not a working number, on November 2, 2019, the Private Investigator visited the last known address for Mr. Perez, the same address used in the reservation of rights letter and by the Loves for service.  There was no answer at the apartment door, so the Private

Investigator left a detailed message, along with a copy of the reservation of rights letter in a large envelope that he left at the front door of the apartment.  After he confirmed with the apartment manager that the apartment was not vacant, the Private Investigator returned to the apartment 15 minutes later and noticed that the envelope containing the reservation of rights letter and the message had been removed.  However, the Private Investigator did not receive an answer when he knocked on the door and called Mr. Perez's name.

13.    Despite these communications and warnings, Mr. Perez never contacted Allstate or retained defense counsel.  As a result, on November 8, 2019, the Court granted the Loves' Motion to Show Authority.  In its Order, the Court specifically states that it "refuses to permit [assigned defense counsel] to appear in this cause and strikes the pleadings filed by him on Defendant Jonathan Perez behalf [sic]."

14.    After successfully precluding assigned defense counsel from representing Mr. Perez, the Loves obtained an Interlocutory Default Judgment dated November 13, 2019.  In that Interlocutory Default Judgment, the Court concluded that Mr. Perez "has by his default admitted the allegations of Plaintiff's Petition," thereby entitling the Loves to any damages proved by them at the trial.  That trial occurred at a hearing held on December 6, 2019.  Mr. Perez failed to appear or present evidence at that hearing.  As a result, the Court entered a default Final Judgment on December 9, 2019.  That Final Judgment was corrected by a separate default Final Judgment signed on December 16, 2019 awarding Allison Love $100,000 in actual damages and $50,000 in exemplary damages and also awarding Tammy Love damages of $13,822.  The latter Final

Judgment specifically states that these damages were awarded because Mr. Perez "although duly and legally cited to appear and answer, failed to appear and answer and wholly made default."

15.     Under precisely these same circumstances, the Court denied personal auto coverage for damages awarded in a default judgment in *Progressive County Mut. Ins. Co. v. Trevino,* 202 S.W.3d 811 (Tex. App.—San Antonio 2006, pet. denied).  As here, the insured initially cooperated but later refused to cooperate in his defense, requiring defense counsel to withdraw.  When the insured failed to appear for trial, the trial court entered judgment for the plaintiffs, who then sought coverage under the insured's personal auto policy.  The Court denied coverage because the carrier was prejudiced as a matter of law by the insured's failure to cooperate, reasoning that the refusal to assist in answering discovery or to attend trial "is universally acknowledged" to be "a serious breach of the duty to cooperate."  202 S.W.2d at 819 (quoting Rick Vernig*, The Insured's Duty to Cooperate*, 6 J. of Tex. Ins. L.11, 19 (Fall 2005)).

16.     Allstate's request that the Court deny coverage for the damages awarded to the Loves in the default Final Judgment is further supported by the decision in *State Farm Lloyds v. Brown*.  As here, the insured in that case failed to cooperate or to assist defense counsel in responding to discovery requests, resulting in defense counsel's withdrawal as counsel for the insured.  Thereafter, a judgment was entered against the insured when he failed to appear for trial.  This failure to cooperate and failure to appear for trial showed prejudice as a matter of law, eliminating any coverage for the default judgment.  Sl. Op. at *3.  For precisely the same reasons, Allstate requests that the Court

deny coverage for the damages awarded in the default Final Judgment entered against Mr. Perez in the Underlying Lawsuit.

WHEREFORE, Plaintiff Allstate Fire and Casualty Insurance Company respectfully request that Defendants Allison Love and Tammy Love be cited to appear and answer herein and that the Court thereafter enter a declaratory judgment action determining that Plaintiff has no duty to pay the damages awarded in the default Final Judgment and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Ronald J. Restrepo*
Ronald J. Restrepo
State Bar No. 16791300
Federal I.D. No. 920
rrestrepo@drhrlaw.com
**DOYLE, RESTREPO, HARVIN & ROBBINS, LLP**
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**