Case 4:20-cv-00022 Document 62 Filed on 06/14/22 in TXSD Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
June 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Allstate Fire and Casualty Insurance Company, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:20-cv-00022 |
| v. | § § § | |
| Allison Love, Tammy Love, and Jonathan Perez, | § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM AND RECOMMENDATION

In this declaratory judgment action, Plaintiff Allstate Fire and Casualty Insurance Company ("Allstate") filed a Second Motion for Summary Judgment, asking the Court to conclude that Allstate has no duty to pay the damages awarded to Defendants Allison Love and Tammy Love ("the Loves") in a prior state-court default judgment against Allstate's insured, Defendant Jonathan Perez. Dkt. 56. The motion for summary judgment was referred to the undersigned judge. Dkt. 61. After carefully considering the motion, Dkt. 56, the Loves' response, Dkt. 57, Allstate's reply, Dkt. 58, and the applicable law, it is recommended that Allstate's motion for summary judgment be granted.

1

## Background

This dispute began when the Loves sued Perez in state court for damages stemming from an auto accident in November 2016. Dkt. 57-2, DX-B. Perez had fled the scene of the accident; was criminally charged with failing to provide his name, address, or insurance information; and pleaded nolo contendere to a criminal misdemeanor. Dkt. 57-3, DX-C; Dkt. 57-4, DX-D; Dkt. 56-2, PX-B, p. 12 of pdf.

Perez's insurer, Allstate, had paid the Loves' claim for property damages. Dkt. 57-10, DX-J. But the Loves refused to accept Allstate's offers to resolve their physical injury claims, instead demanding the policy limit of $50,000. Dkt. 57-7, DX-G ($3,386 offer on May 8, 2018); Dkt. 57-8, DX-H ($3,500 offer on Jan. 25, 2019); Dkt. 56-8, PX-H ($5,500 offer on Mar. 26, 2019).

Perez's policy with Allstate includes a standard provision requiring him to "[c]ooperate with us in the investigation, settlement or defense of any claim or suit." Dkt. 56-1, PX-A at ALST 0044, Part E ¶ B.1. At first, Perez fulfilled that obligation. He notified Allstate about the Loves' lawsuit, prompting Allstate to retain counsel for his defense. Dkt. 57-11, DX-K; Dkt. 57-15, DX-O at 93:5-8. Perez also responded to a few phone calls from Allstate's adjustors. Dkt. 57-11, DX-K; Dkt. 57-15, DX-O at 33:8-19.

But Perez's cooperation with Allstate ceased as the litigation progressed. He stopped responding to Allstate's calls and written correspondence. Dkt. 56-

7, PX-G at 82:3-15; Dkt. 57-12, DX-L; Dkt. 57-15, DX-O at 30:2-5, 93:19-94:25, 97:11-24, 101:10-102:20. Perez's Allstate-retained lawyer also could not get ahold of him. Dkt. 57-15, DX-O at 95:11-15. Allstate even hired a private investigator to track Perez down. Dkt. 57-15, DX-O at 94:25-95:2. During that period, Allstate sent Perez a reservation of rights letter, emphasizing in part that Perez has a contractual obligation to cooperate with the investigation, settlement, or defense of any claim. Dkt. 57-13, PX-M (Mar. 20, 2019).

Perez's failure to respond to written discovery and to appear at his deposition prompted the Loves to file a motion challenging the authority of his counsel to represent him. Dkt. 56-2, PX-B. Finding that counsel lacked authority to represent Perez, the trial court granted the Loves' request, barred Perez's counsel from representing him, and struck all pleadings that counsel had filed on Perez's behalf. Dkt. 56-3, PX-C.

A few days later, the trial court entered an interlocutory default judgment, holding Perez liable to the Loves. Dkt. 56-4, PX-D. Perez again failed to appear, leading to the entry of a final default judgment awarding the Loves $118,822 in actual damages, $50,000 in exemplary damages, and interest. Dkt. 56-5, PX-E.

The state-court default judgment prompted Allstate to file suit in this Court, requesting a declaration that it has no duty to indemnify the Loves for the damages awarded in the underlying suit. Dkt. 1. In their answer, the

3

Loves counterclaimed for breach of contract and a declaration that Allstate owes coverage for the underlying default judgment. Dkt. 43 at 3-6.

Allstate later amended its pleading to add Perez as a defendant. Dkt. 18. Because Perez failed to appear, Allstate requested that this Court enter a default judgment against him. Dkt. 24. The Court granted Allstate's request, declaring that Allstate has no duty to indemnify Perez and no duty to pay any policy proceeds to Loves for the underlying state court judgment. Dkt. 29.

Invoking both the state and federal court default judgments, Allstate has now moved for summary judgment against the Loves. Dkt. 56; *see also* Dkt. 57 (Loves' response); Dkt. 58 (Allstate's reply). Allstate also objects to the Declaration of Dennis R. Mundy, Dkt. 58 at 1, which the Loves attached to their response, Dkt. 57-1, DX-A.

## Standard of Review

A court must grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue that it tends to resolve "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (citing *Sierra*

*Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). When resolving a motion for summary judgment, the court must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *See Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted).

## Analysis

Allstate correctly asserts that the Loves' right to recover depends on whether Allstate's insured, Perez, is entitled to indemnification under his policy with Allstate. Under Texas law—which applies here—"a party injured by the insured is a third party beneficiary of a liability insurance policy." *State Farm Cnty. Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam) (citing *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969)). Consistent with general contract law, "[a] third-party claimant has no greater rights than an insured against an insurer." *Rust v. Tex. Farmers Ins. Co.*, 341 S.W.3d 541, 547 (Tex. App.—El Paso 2011, pet. denied) (citing *Sparks v. Aetna Life & Cas. Co.*, 554 S.W.2d 228, 230 (Tex. Civ. App.—Dallas 1977, no writ)); *see also Martinez v. ACCC Ins. Co.*, 343 S.W.3d 924, 929 (Tex. App.—Dallas 2011, no pet.) ("As third-party beneficiaries, [the third parties] Martinez and Davilla 'step into the shoes' of [the insured] Romero ....").

In this case, Perez failed to appear in this coverage suit, leading this Court to find that Allstate owes no duty to indemnify him for the underlying

state-court judgment. Because the Loves enjoy no greater rights than Perez, that determination on its face generally means that the Loves also cannot recover the proceeds of Perez's policy. *See Nat'l Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d 604, 620-21 (E.D. Tex. 2005) (ruling against insured on coverage was binding against third-party claimants who "derive their right, if any, to collect insurance proceeds directly from the rights of [the insured]").

The Loves cite two out-of-state decisions for the principle that Perez's default in this suit does not moot their dispute over Allstate's denial of coverage. Dkt. 57 at 3-5 (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 349, 353 (3d Cir. 1986) (insured's default judgment did not moot the controversy between the insurer and the third parties seeking policy proceeds); *Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743, 750 (Mich. 1993) (relying on Third Circuit's decision in *Fed. Kemper Ins.*; holding that "even where the dispute between an insurer and an insured has become moot by virtue of the insured's default or refusal to contest the coverage provisions, the actual controversy between the insurer and the injured party remains viable")). But this Court's jurisdiction to address a live dispute between Allstate and the Loves does not resolve the separate question of whether Allstate owes coverage under its policy with Perez. As explained below, even assuming that Perez's default here is not conclusive, the Loves nonetheless have failed to raise a fact issue that coverage exists.

6

I. **The Insured's Failure to Cooperate in the Underlying Suit Forecloses the Loves from Recovering against Allstate.**

Apart from asserting that Perez's default is dispositive, Allstate contends that Perez failed to cooperate in the investigation and defense of the underlying suit—a condition precedent to coverage. Dkt. 56 at 5-8. According to Allstate, Perez's non-cooperation prejudiced its interests, which precludes Perez and the Loves from recovering policy proceeds. *Id.* The Loves, however, respond that the evidence suggests Perez's failure to assist in his defense was not "material." Dkt. 57 at 5-8. The Loves insist that Perez was plainly at fault for the accident and lacked any background that could have assisted in evaluating the Loves' damages. *Id.* Allstate has the better of the argument.

A. **Perez's failure to cooperate prejudiced Allstate.**

In Texas, "[a]n insurer's obligation depends on upon proof that all conditions precedent have been performed." *Martinez*, 343 S.W.3d at 929. Cooperation clauses identical to the one in Perez's policy with Allstate impose a condition precedent to coverage. *Compare Progressive Cnty. Mut. Ins. Co. v. Trevino*, 202 S.W.3d 811, 815-16 (Tex. App.—San Antonio 2006, pet. denied), *with* Dkt. 56-1, PX-A at ALST004, Part E ¶ B.1. Thus, the Loves bear the burden to show that Perez satisfied his contractual obligation to cooperate. *Trevino*, 202 S.W.3d at 815-16 (citing *Harwell v. State Farm Mut. Auto, Ins. Co.*, 896 S.W.2d 170, 173-74 (Tex. 1995)). Even if Perez failed to cooperate,

7

however, Allstate would still owe coverage unless it was prejudiced by his lack of cooperation. *Id.* at 816 (citing *Harwell*, 896 S.W.2d at 173-74).

Although the Loves claim that Perez did not materially breach the cooperation clause, their arguments overlap with the question of whether Allstate was *prejudiced* by Perez's non-cooperation. These inquiries are interrelated, even if both are required. A party's failure to comply with a condition precedent is necessarily material if it prejudices the other party by depriving it of the benefits of that condition. *See, e.g., Clarendon Nat'l Ins. Co. v. FFE Transp. Servs., Inc.*, 176 F. App'x 559, 562 (5th Cir. 2006) ("The Texas Supreme Court has held that prejudice is the loss of a valuable right or benefit.") (citing *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 693 (Tex. 1994)); *Chesson v. Hall*, 2005 WL 2045570, at *25 (S.D. Tex. Aug. 25, 2005) ("A breach is material if the injured party does not receive the substantial benefit of the bargain.") (citing *Hernandez*, 875 S.W.2d at 692, and *Lacy M Ranch Ltd. v. TXI Operations*, 978 S.W.2d 678 (Tex. App.—Austin 1998, pet. denied)).

As a matter of law, Perez's failure to cooperate was both material and prejudiced Allstate's interests. The cooperation clause is "intended to guarantee to insurers the right to prepare adequately their defenses on questions of substantive liability." *State Farm Lloyds v. Brown*, 2009 WL 2902511, at *3 (N.D. Tex. Sept. 9, 2009) (citing *Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 397 (5th Cir. 1995)). But Perez's refusals to respond to

inquiries by Allstate and his Allstate-appointed counsel deprived Allstate of its opportunity to mount a defense. *See Brown*, 2009 WL 2902511, at *3; *Trevino*, 202 S.W.3d at 817-18.

The *Trevino* case is on point. There, the court of appeals held that the insurer was prejudice as a matter of law because the attorney it had retained to represent its insured was barred from serving as counsel, leading to a default judgment:

> Because the lawyer hired by Progressive to represent Alvarado was not permitted to appear on Alvarado's behalf, the lawyer was prevented from mounting a defense to limit Alvarado's liability and damages and from stopping the entry of the default judgment. Moreover, the lawyer hired by Progressive to represent Alvarado was unable to file a motion for new trial or seek other appellate relief. *See* Rick Virnig, *The Insured's Duty to Cooperate*, 6 J. of Tex. Ins. L. 11, 19 (Fall 2005) ("If [the insured's] failure [to cooperate] involves not just a lack of diligence in answering discovery, reluctance to appear for depositions, etc. and extends to failing to attend trial, it is universally acknowledged that such a failure is a serious breach of the duty to cooperate.").

*Trevino*, 202 S.W.3d at 817-18.

Under similar circumstances, a federal district court found there was "no genuine issue of material fact" regarding an insured's failure to cooperate and the resulting prejudice to the insurer. *Brown*, 2009 WL 2902511, at *3. The insured had "refused to cooperate with his attorney in the underlying suit, resulting in the attorney's withdrawal and depriving [the insurer] of its right

9

to participate in [its insured's] defense." *Id.* As a result, the insurer had no duty to indemnify under the policy. *Id.*

Much like in *Trevino* and *Brown*, Perez's failure to cooperate left Allstate unable to defend its interests. During the state-court suit, Perez stopped communicating with Allstate and his Allstate-retained counsel. Dkt. 56-7, PX-G at 82:3-15; Dkt. 57-12, DX-L; Dkt. 57-15, DX-O at 30:2-5, 93:19-94:25, 97:11-24, 101:10-102:20; Dkt. 57-15, DX-O at 95:11-15. Indeed, the Loves successfully sought to disqualify Perez's counsel from representing him after Perez failed to respond to discovery. Dkt. 56-2, PX-B; Dkt. 56-3, PX-C. The trial court also struck all pleadings that counsel had filed on Perez's behalf. Dkt. 56-3, PX-C. That prejudiced Allstate by allowing the Loves to obtain a default judgment on liability and damages. Dkt. 56-4, PX-D; Dkt. 56-5, PX-E.

### B. The Loves' arguments against prejudice are meritless.

The Loves downplay the impact of Perez's non-cooperation. According to the Loves, the circumstances of the accident left Perez without a meritorious defense to liability.[1] Dkt. 57 at 6. But as Allstate's cited authority shows,

---

[1] The Loves cite a Declaration from Dennis Mundy, their trial counsel in the state-court suit, who allegedly was told by Perez's attorney that "liability was indefensible" and that "the only question remaining was damages." Dkt. 57 at 6 (citing Dkt. 57-1, DX-A ¶ G). Allstate objects to the entirety of Mundy's declaration, arguing that it is replete with hearsay. Dkt. 58 at 1. The Court agrees in part.

Several portions of Mundy's declaration simply identify Mundy, explain his involvement in the underlying suit and the course of proceedings, and authenticate

Dkt. 58 at 3, the Loves' "focus on the potential failed defenses misses the mark ...." *Wash. Mut. Bank v. Commonwealth Land Title Ins. Co.*, 2010 WL 135685, at *3 n.2 (Tex. App.—Corpus Christi Jan. 14, 2010, no pet.). Allstate was denied an "opportunity to answer for the insured, to litigate the merits of the suit, to appeal any adverse judgment against the insured, and to otherwise minimize the insured's liability." *Id.* That is prejudice.

The Loves further misplace focus on whether Perez *himself* could have provided additional information to substantiate the amount of damages sought in the underlying suit. Dkt. 57 at 6-8. Instead, the prejudice to Allstate stems the disqualification of Perez's Allstate-appointed counsel, which left Allstate unable to limit the amount of damages. *See Trevino*, 202 S.W.3d at 817 (inability to limit insured's "liability *and damages*" resulted in prejudice to insurer) (emphasis added). That was critically important here.

Damages were hotly disputed—and would have been at trial if Perez had cooperated in his defense. This was a low-speed accident resulting in soft

---

documents. Dkt. 57-1, DX-A ¶¶ A-D, ¶ E (first sentence), ¶ G (second sentence), ¶ H. Allstate's objections to those portions are overruled.

Allstate's hearsay objections are sustained with respect to those portions of Mundy's declaration recalling what Perez's counsel told him. Texas law provides that counsel retained by an insurance company to defend its insured is an agent of the insured, rather than the insurer. *See State Farm Mut. Auto. Ins. Co. v. Traver*, 980 S.W.2d 625, 627-28 (Tex. 1998) (holding that "the insurer cannot be vicariously responsible" for the conduct of counsel retained to represent the insured). As a result, statements by Perez's counsel do not qualify as statements by the opposing party or its agent under Fed. R. Evid. 801(d)(2).

tissue injuries that required no hospitalization. Dkt. 56-6, PX-F at 13:12-19, 16:8-11; Dkt. 56-7, PX-G at 26:9-12. Whereas Allstate's highest prior offer was $5,500, Dkt. 56-8, PX-H, the default judgment awarded the Loves $113,822 in actual damages, plus $50,000 in exemplary damages. Dkt. 56-5, PX-E. The vast disparity between these amounts underscores that Perez's non-cooperation was far from "minor." Dkt. 57 at 10. Uncontroverted evidence shows that Perez's conduct prejudiced Allstate by leading to a default judgment in a much larger amount than if the suit were properly defended. It is therefore recommended that the Court grant summary judgment to Allstate.

## II. The Loves' Remaining Contentions Are Flawed.

The Loves raise two other grounds for denying summary judgment. Dkt. 57 at 8-11. Both are foreclosed.

The Loves first claim that Allstate's letters to Perez did not make clear that Allstate needed his cooperation, or that his cooperation was material. *Id.* at 8-9. The Loves cite no authority suggesting that Texas law obligated Allstate to provide that information to Perez. To the contrary, the duty to cooperate is spelled out in the policy itself, and "[a]n insured is deemed to know the terms of the policy [he] purchases." *See Tower Ins. Co. of N.Y. v. Sherwood Valley I Council of Co-Owners, Inc.*, 2012 WL 13040406, at *3 (S.D. Tex. Mar. 13, 2012). When the policy language is unambiguous, it does not matter whether the insured subjectively understood it. *See, e.g., Burlington Ins. Co.*

*v. Bourbon Street Bar & Grill*, 2012 WL 13064408, at *1 (S.D. Tex. Aug. 29, 2012) (insureds could not avoid summary judgment by claiming they failed to understand the ramifications of an unambiguous policy exclusion). Perez's policy unambiguously required him to "[c]ooperate ... in the investigation, settlement, or defense of any claim or suit." Dkt. 56-1, PX-A at ALST 0044, Part E ¶ B.1. Perez materially failed to comply with that obligation, prejudicing Allstate by allowing a default judgment to be entered against him.

The Loves also maintain that Allstate is estopped from invoking the cooperation clause to avoid paying their physical-injury claims because Allstate chose to pay their claim for property damages. Dkt. 57 at 9. But as Allstate correctly asserts, Dkt. 58 at 4, "Texas law is clear that the 'doctrines of waiver and estoppel cannot be used to re-write the contract of insurance and provide contractual coverage for risks not insured.'" *Dempsey v. ACCC Ins. Co.*, 2018 WL 2077603, at *3 (Tex. App.—Dallas May 4, 2018, no pet.) (quoting *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 775 (Tex. 2008)) (holding that insurer's payment for damage to insured's car did not estop the insurer from subsequently disputing whether the loss was covered).

Based on that principle, Allstate's assumption of liability for the damage to the Loves' vehicle does not permit the Loves to re-write Perez's policy by deleting the cooperation clause that is an express condition precedent to coverage. Because Allstate owes no coverage for the underlying default

judgment, this Court should grant its motion for summary judgment, grant Allstate's request for declaratory relief, and dismiss the Loves' counterclaims.

## Recommendation

It is therefore **RECOMMENDED** that Plaintiff Allstate Fire and Casualty Insurance Company's Second Motion for Summary Judgment (Dkt. 56) be **GRANTED**. It is further **RECOMMENDED** that this Court **DECLARE** that Allstate has no duty to pay Defendants Alliston Love and Tammy Love any portion of the amounts awarded in the Final Judgment signed on Dec. 9, 2019, in *Love v. Perez*, No. 1809-12690 (Cnty. Ct. at Law No. 2, Montgomery Cnty., Tex.), and **DISMISS** the counterclaims filed by Defendants Alliston Love and Tammy Love.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** ***Ortiz v. City of San Antonio Fire Dep't***, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 14, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge